# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 JUN 19 PM 4: 33

DEPUTY CLERK _____

| | |
|---|---|
| FOREST HILLS HOMEOWNERS ASSOCIATION<br>　　PLAINTIFF:<br><br>V.<br><br>IRA DAVIS<br>　　DEFENDANTS: | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:15-CV-1956-M-BK<br>§<br>§<br>§<br>§<br>§ |

## DEFENDANT'S OBJECTION TO THE MOTION TO REMAND

Defendant IRA DAVIS, hereby file this Objection to The motion to Remand of the underlying civil action, described fully below, pursuant to 28 U.S.C. § 1332. This court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000 and IRA DAVIS and FOREST HILLS HOMEOWNERS ASSOCIATION are citizens of different states. Pursuant to 28 U.S.C. § 1447(c) plaintiff has exceeded to deadline to file a motion to remand. In support hereof, Defendants IRA DAVIS show this Court as follows:

1. On June 8, 2015, Plaintiff FOREST HILLS HOMEOWNERS ASSOCIATION ("Plaintiff") commenced an action against Ira Davis in the Tarrant County Judicial District 141st, Tarrant County, Texas, entitled FOREST HILLS HOMEOWNERS ASSOCIATION, Plaintiff, vs. IRA DAVIS, Case number No. 141-276612-15.

2. Removal is timely pursuant to 28 U.S.C. § 1446(b). Ira Davis was served with Plaintiff's Original Petition ("Original Petition") on June 1, 2015 in the Tarrant County Judicial District 141st, Tarrant County, Texas . See *Ezon v. Cornwall Equities* Ltd., 540 F. Supp. 885(S.D. Tex. 1982) (removal of eviction action was proper)

3. Pursuant to 28 U.S.C § 1446(d), this Notice of Removal will be filed with the Tarrant County Judicial District 141st, Tarrant County, Texas, and a copy of this Notice of Removal will also be served on the Plaintiff.

4. For the reasons described below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint alleges a cause of action under the laws of the United States, 15 U.S.C. § 1681 *et seq* (Compl., introductory ) .

5. In addition and alternatively, this Court would have supplemental jurisdiction of Plaintiff's claims, if any, that are not alleged pursuant to the laws of the United States, pursuant to 28 U.S.C. § 1367, because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United Stated Constitution.

6. Defendant filed promptly a copy of this Notice of Removal with the clerk of the state court.

7. The Notice of Removal was served to all named parties to remove case.

### Ground for Removal : Diversity

8. This court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, in that this is a civil action where the matter in controversy exceeds $75, 000, and is

between citizens of different States, See *Ezon v. Cornwall Equities* Ltd., 540 F. Supp. 885(S.D. Tex. 1982) (removal of eviction action was proper) Specifically:

(a) <u>The Amount in Controversy Exceeds the Federal Minimum Jurisdiction Requirements</u>

    i. The subject real property has a current fair market value of $400,000.00, according to the Tarrant Central Appraisal District.

*Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In other words, "[t]he amount in controversy, in an action for relief, is the value of the right to be protected or the extent if the injury to be prevented. " *St. Pail Reinsurance Co., Ltd. V. Greenberg*, 134 F. 3d 1250, 1252-53 (5th Cir. 1998) Therefore, even if the relief sought is not a monetary demand, the amount in controversy is determined by the value of the object being litigated. In an action for declaratory relief, the amount in controversy is *"the value of the right to be protected or the extent of the injury to be prevented."* In litigation to compel arbitration, the value is the potential award in an underlying arbitration proceeding. See *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256-57 (5th Cir. 1996). The court's conclusion that the appeal to the county court at law is a "separate and independent action" related only to this determination. Ezon, 540 F. Supp. at 887-88.

(b) <u>There is Complete Diversity between Defendants and the Plaintiffs</u>

    i. Defendant Ira Davis et al were, at the time of the filing of this action, have been at all times since, and still are individual resident citizens of the State of Washington.

    a. Plaintiff FOREST HILLS HOMEOWNERS ASSOCIATION was, at the time of the filing of this action, has been at all times since, and still is a citizen with main office in Texas. FOREST HILLS HOMEOWNERS ASSOCIATION is a citizen of Texas in which its main office, as set forth in its articles of Association, is located. See *Wachovia Bank, N.A. v. Schmidt,* 126 S.Ct. 941 (2006). Accordingly, FOREST HILLS HOMEOWNERS ASSOCIATION is a Citizen of Texas.

ii. 28 U.S.C § 1332(a) provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. This is often referred to as the " forum defendant rule". *In Re 1994 Exxon Chem. Fire,* 558 F. 3d 378, 391 (5th Cir. 2009). The Fith Circuit has determined that this rule is procedural and not jurisdictional.

    1. Citizens of different states; ..."

iii. 28 U.S.C § 1332(a) (1) For purposes of diversity, an individual is a citizen of the state of their domicile, which is the place of their true, fixed, and permanent home and principal establishment, to which they have the intention of returning home whenever they are absent there from. *See Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954).

(c) Pursuant the 28 U.S.C. § 1332(a), this court has original jurisdiction over this matter as the amount in controversy meets the federal jurisdiction minimum

and there is a complete diversity of citizenship between the Plaintiff and Defendants.

12. There has not been any adjudication on the merits of the Petition in the state court action that would deprive Ira Davis of the right of removal. *See Beighley v. Federal Deposit Ins. Corp.,* ( 5th Cir. 1989) ("in general, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits."' (*quoting* 1A Moore, Federal Practice P. 0.157[9] at 153 (1987))

13. As the Defendant, Ira Davis is a citizen of the State of Washington and the Plaintiff, FOREST HILLS HOMEOWNERS ASSOCIATION is a citizen of the state of Texas. But not Washington, complete diversity of citizenship exists between Plaintiff and Defendants.

14. There is no "automatic entitlement to an award of attorney's fees." Valdes v. Wal-Mart Stores, Inc., 199 F. 3d 290, 292 (5th Cir. 2000). In applying section 1447 (c), the court must consider" whether the defendant had objectively reasonable grounds to believe the removal was legally proper." Id. At 293.

WHEREFORE, in consideration of the forging, the Defendant IRA DAVIS, pray that the above- described action in the In the United States District Court for the Northern District of Texas Dallas Division proceed and be removed to this Court.

Respectfully Submitted,

IRA DAVIS
1102 24th Ave S.
Seattle, WA 98144
Tel: 210-526-4511

By _____
IRA DAVIS

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the attorney of record or party by hand delivery, FAX or prepaid first class mail at the last known address in accordance with Federal Rules of Civil Procedure on June 19, 2015.

_____
IRA DAVIS


<u>VIA FACSIMILE CONFIRMATION & CERTIFIED MAIL WITH RETURN RECEIPT</u>

Craig Hubble
301 West Abram Street
Arlington, TX 76010
Phone: 817-265-7771
Fax: 817-861-9008