IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FOREST HILLS HOMEOWNERS ASSOCIATION, | § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 3:15-CV-1956-M-BK |
| | § | |
| IRA DAVIS, | § | |
| Defendant. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Before the Court is *Plaintiff's Motion to Remand Case to State Court*, Doc. 5. For the reasons that follow, it is recommended that the motion be **GRANTED**.

On January 27, 2015, Plaintiff initiated this action in the 141st District Court of Tarrant County, Texas,[1] regarding the real property located at 3008 Forestwood Drive, Arlington, Texas 76006 (the "Property"). Doc. 7-1 at 2-3. Plaintiff avers that it mailed a copy of the petition to Defendant on February 20, 2015, but was unable to effect personal service upon Defendant at his last known address because it was merely a "mail drop." Doc. 7-1 at 1-2. That notwithstanding, Plaintiff entered his appearance by filing a *Notice of Bankruptcy Filing* on February 23, 2015. Doc. 7-2. The state court proceedings were abated while the bankruptcy was pending, but were reinstated on March 10, 2015, subsequent to the issuance of a waiver of discharge by the Bankruptcy Court in December 2013. Doc. 7-3; Doc. 7-4. On June 5, 2015, Defendant removed the case to this Court, asserting diversity jurisdiction and claiming that he was only served with

---

[1] While removal of this case should have been to the Fort Worth Division, in the interest of judicial economy, the Court declines to transfer the case. 28 U.S.C. § 1406(a); *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (noting the district court's broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

Plaintiff's petition on June 1, 2015.  Doc. 2 at 1.  Plaintiff now seeks remand, arguing that the "removal simply was not timely."  Doc. 5 at 2.

Any civil action brought in a state court of which the district court also has jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  However, the notice of removal must be filed within 30 days after receipt by the defendant of a copy of the state court petition "through service or otherwise."  28 U.S.C. § 1446(b)(1).  Here, Defendant's *Notice of Removal* was clearly untimely.  Plaintiff sent Defendant a copy of its petition on February 20, 2015.  Doc. 7-1.  The Court infers from Defendant's appearance in the state court case just three days later, through the filing of his *Notice of Bankruptcy*, that he indeed received the mailed copy of the petition.  Doc. 7-2; Doc. 7-3.  Generously calculating the applicable period from the date the state court order of abatement was lifted, March 10, 2015, Defendant had only until April 9, 2015, to timely file his notice of removal.  Thus, his June 5, 2015 filing is clearly untimely.

Moreover, there is evidence Defendant has misrepresented his true domicile within the boundaries of the Northern District of Texas.[2]  If Defendant indeed resides in the District, removal is precluded by the "forum-defendant" rule.  28 U.S.C. § 1441(b); *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009) (a suit originally filed in state court is removable to federal court on the basis of diversity jurisdiction as long as no defendant is a citizen of the state in which the action is brought).

---

[2]   The Clerk's automatic notice of right to consent to proceed before the U.S. Magistrate Judge, mailed the same day as the notice of removal, Doc. 1, and the undersigned's *Notice of Deficiency and Order*, issued June 11, 2015, Doc. 4, were both returned as undeliverable to the Seattle, Washington address Defendant listed.  In both instances, the Postal Service noted Defendant's forwarding address in Cedar Hill, Texas.  Doc. 8; Doc. 11.  Nonetheless, as late as June 18, 2015, Defendant continued to assert he resides at the same Seattle, Washington address from which the Court's correspondence was returned.  Doc. 9 at 5; Doc. 10 at 3-4.

Accordingly, it is recommended that *Plaintiff's Motion to Remand Case to State Court*, Doc. 5, be **GRANTED** and this case be **REMANDED** to the 141st District Court of Tarrant County, Texas for further proceedings.

**SO RECOMMENDED** on July 20, 2015.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE